IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BBO LIQUIDATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> ATLAS VAN LINES, <br><br> Defendant. | Civil No. 04-395 (GMS) |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff BBO Liquidation Corp. ("Plaintiff"), as successor-in-interest to BroadBand Office, Inc. ("BBO" or the "Debtor"), by and through its undersigned counsel, hereby moves for an order enforcing the settlement agreement (the "Agreement") between the Debtor and defendant Atlas Van Lines, Inc. ("Atlas"), a copy of which is attached hereto and incorporated herein as **Exhibit A**, executed on or about March 22, 2006, and in support hereof states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On May 9, 2001 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On July 27, 2005, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") jointly filed the First Amended Joint Liquidating Plan of the Debtor and the Official Committee of Unsecured Creditors (the "Plan"). The Court entered

#8058760 v1

an order confirming the Plan (the "Confirmation Order") on September 12, 2005 (the "Confirmation Date"). The effective date under the Plan occurred on September 23, 2005 (the "Effective Date"). By virtue of the Confirmation Order, BBO's rights and interests in property, including but not limited to the claims described below, were transferred to Plaintiff.

4.  On or about December 23, 2003, the Debtor filed a complaint against Defendant in the bankruptcy case, initiating the above-captioned adversary proceeding. On June 18, 2004, the Court entered an order withdrawing the reference.

5.  On or about March 22, 2006, the parties entered into the Settlement Agreement, which provided, among other things, for Defendant's payment of $6,000 (the "Settlement Amount") within ten days after execution thereof. As a result of the settlement evidenced by the Settlement Agreement, a trial on the merits in this case was postponed and ultimately cancelled.

6.  Despite repeated requests, Defendant has failed to pay the Settlement Amount. Because of Defendant's unexcused failure to comply, Plaintiff has incurred additional expenses in filing and prosecuting this motion, estimated at three hours of the undersigned's billable time (totaling $1,050).

7.  Plaintiff therefore requests that the Court enter an order enforcing the Settlement Agreement, requiring that the Defendant pay the Settlement Amount within five days after entry of the order. Plaintiff also requests that in the event Defendant fails to make that payment, Defendant shall be deemed to be in non-compliance with the order and shall be liable to Plaintiff for the additional amount of $1,050, representing Plaintiff's costs in filing and prosecuting this motion.

-3-

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an order enforcing the Settlement Agreement in accordance with the foregoing terms, and granting such other and further relief as is just and equitable.

| | |
|---|---|
| Dated: September 28, 2006<br>Wilmington, Delaware | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br> /s/ **Adam Hiller**<br>David M. Fournier (DE No. 2812)<br>Adam Hiller (DE No. 4105)<br>Hercules Plaza, Suite 5100<br>1313 North Market Street<br>Wilmington, Delaware 19801<br>Telephone (302) 777-6500<br>Facsimile (302) 421-8390<br><br>*Attorneys for Plaintiff,*<br>*BBO Liquidation Corp.* |