IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BROADBAND OFFICE, INC., : | |
| Plaintiff, : | Civil Action No. 03-395 (GMS) |
| v. : | |
| ATLAS VAN LINES, : | |
| Defendant. : | |

### SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement"), effective upon execution by all parties hereto, is made and entered into by and between the plaintiff BBO Liquidation Corp. ("Plaintiff") and the defendant Atlas Van Lines ("Defendant").

### RECITALS

WHEREAS, on May 9, 2001 (the "Petition Date"), BroadBand Office, Inc. (the "Debtor") filed a voluntary relief under Chapter 11 of the Bankruptcy Code and, since the Petition Date, has maintained its affairs as a debtor in possession pursuant to 11 U.S.C. § 1107; and

WHEREAS, on May 7, 2003, the Debtor filed a complaint against Defendant seeking to avoid and recover certain transfers from Plaintiff to Defendant, initiating the above-captioned adversary proceeding (the "Adversary Proceeding"); and

WHEREAS, on July 27, 2005, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") jointly filed the First Amended Joint Liquidating Plan of the Debtor and the Official Committee of Unsecured Creditors (the "Plan") in the Debtor's main bankruptcy case. The Court entered an order confirming the Plan (the "Confirmation Order") on September 12, 2005 (the "Confirmation Date"). The effective date under the Plan occurred on September 23, 2005 (the

"Effective Date"). The Plan and Confirmation Order granted Plaintiff standing and authority to initiate and pursue avoidance actions under Chapter 5 of the Bankruptcy Code; and

WHEREAS, Plaintiff believes that it has a valid claim against Defendant, and Defendant believes that it has valid defenses to Plaintiff's claims; and

WHEREAS, in view of the expense and difficulty in litigating the merits of Plaintiff's claim and Defendant's defenses, the parties have decided to resolve this matter amicably and without further litigation.

NOW THEREFORE in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## AGREEMENT

1. Within ten (10) days after its execution of this Settlement Agreement, Defendant shall pay $6,000.00 in immediately available funds to Plaintiff in full and final satisfaction of the claims asserted in the Adversary Proceeding (the "Settlement Amount").

2. Effective upon receipt of the Settlement Amount by Plaintiff, Plaintiff, by and on behalf of the Debtor's bankruptcy estate, hereby releases, acquits and forever discharges Defendant and its respective agents, affiliates, predecessors, subsidiaries, successors in interest, parent corporations, assigns, insurers, employees, attorneys, officers and directors from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable (hereinafter "claims"), which Plaintiff has against Defendant related to Plaintiff's bankruptcy case. Notwithstanding the foregoing, this Settlement Agreement shall not be construed as a release or waiver of any defenses to any claim or cause of action.

3. Effective upon receipt of the Settlement Amount by Plaintiff, Defendant, by and on behalf of itself, its agents, affiliates, predecessors, subsidiaries, successors in interest, parent corporations, assigns, insurers, employees, attorneys, officers and directors hereby releases, acquits and forever discharges Plaintiff, the Debtor, and the Debtor's bankruptcy estate from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable, which Defendant has against Plaintiff, the Debtor, and the Debtor's bankruptcy estate, including but not limited to any claim arising from the payments made under this Settlement Agreement, and also including but not limited to the claim arising from a proof of claim filed by Defendant in the Debtor's bankruptcy case and docketed as Claim No. 18 on the Court's claims register. Notwithstanding the foregoing, this Settlement Agreement shall not be construed as a release or waiver of any defenses to any claim or cause of action.

4. This Settlement Agreement, along with the documents referred to herein, constitute the entire agreement between the parties with regard to the subject matter hereof. The Settlement Agreement may not be modified or amended except in writing signed by all signatories hereto or their successors in interest.

5. Upon receipt by Plaintiff of the Settlement Amount, the parties shall file a stipulation of dismissal dismissing the Adversary Proceeding with prejudice in the form substantially attached hereto, with each party to bear its own attorneys' fees and costs.

6. It is understood and agreed that this Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each party is entering into this Settlement Agreement voluntarily, without duress, with the consultation and advice of its legal counsel (or upon a voluntary waiver of the right to such consultation and advice), and with full understanding of its terms.

WL: #185136 v1 (3Y%_01!.DOC)

7. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws jurisprudence of the State of Delaware.

8. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the United States District Court for the District of Delaware, sitting in its bankruptcy jurisdiction.

9. This Settlement Agreement may be executed in any number of counterparts and such counterparts may, at the option of the executing party, be delivered by telefacsimile, each of which shall be deemed to be an original but all of which shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused the Settlement Agreement to be duly executed as set forth below.

AGREED TO BY:

PEPPER HAMILTON LLP

_____
David M. Fournier (DE No. 2812)
Adam Hiller (DE No. 4105)
Hercules Plaza
1313 N. Market Street, Suite 5100
Wilmington, DE 19801
Telephone (302) 777-6500

*Attorneys for Plaintiff*

ATLAS VAN LINES, Inc

by: _____
Name: Phyllis L. Truitt
Title: Director of Credit and Collection

*Defendant* Atlas Van Lines, Inc.

-4-

WL: #185136 v1 (3YY%_011.DOC)